UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATALIA BRUTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>GERBER PRODUCTS CO.,<br><br>Defendant. | )<br>)<br>)<br>) Case No.: 12-CV-02412-LHK<br>)<br>)<br>) ORDER TO FILE UPDATED LIST OF<br>) PRODUCTS<br>)<br>)<br>) |

On January 10, 2014, Plaintiff Natalia Bruton filed a Motion for Class Certification, seeking to certify a class of purchasers of Defendant Gerber Product Co.'s baby food products. ECF No. 82. Five days later, the Court issued an order granting in part and denying in part Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. ECF No. 83. In the order, the Court narrowed the Substantially Similar Products at issue for Plaintiff's failure to adequately allege the similarity between the products Plaintiff purchased and some products—products from Defendant's Nature Select 1st and 3rd Foods product lines, among others. *Id.* at 15-16.

Defendant filed its Opposition to the Motion for Class Certification on March 11, 2014. ECF No. 88. In its Opposition, Gerber raises uncertainty as to which products remain at issue in this case, arguing that Plaintiff moves to certify a class of purchasers based on products that were

not originally submitted with Plaintiff's Second Amended Complaint. Opp. at 2-3. In her Reply filed on April 3, 2014, Plaintiff proposes stipulating as to which of Defendant's products remain at issue in the case, based on a joint review of the product labels Defendant has introduced into the record. ECF No. 110, at 4.

It is hereby ORDERED that the parties shall file by May 9, 2014 a stipulated chart, or, if the parties cannot agree, respective charts with accompanying explanations of no more than two pages, of all of the purchased and substantially similar products still at issue in the case, including information as to (1) the name of the product line; (2) the type of product; (3) the variety/flavor of the product; (4) whether the product was purchased or is substantially similar; (5) a citation to the exhibit showing the product label; and (6) whether the product label always contained the alleged labeling misrepresentations, never contained the alleged misrepresentations, or whether the label changed during the Class Period, and, if the label changed, which labels contained the alleged misrepresentations. The parties are not permitted to add any new products for consideration in this case.

Dated: April 23, 2014

_Lucy H. Koh_
LUCY H. KOH
United States District Judge