UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATALIA BRUTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GERBER PRODUCTS COMPANY,<br><br>　　　　Defendant. | Case No.  5:12-cv-02412 LHK (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>[Re:  Dkt. 138] |

Plaintiff Natalia Bruton sues Gerber Products Company (Gerber) for alleged deceptive and misleading labels on some of defendant's baby food products.  She asserts claims under California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200; False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500; and Consumer Legal Remedies Act (CLRA), Cal. Civ. Code § 1750, et seq.  Judge Koh having denied Bruton's motion for class certification, plaintiff is now pursuing these claims only in her individual capacity.  In Discovery Dispute Joint Report (DDJR) No. 1, she seeks an order compelling Gerber to produce documents responsive to her Requests for Production Nos. 4, 20, and 25, the scope of which she has agreed to narrow in certain ways.

It appears that this matter was not brought to the court's attention as promptly as required by its Standing Order re Civil Discovery Disputes.  The opening provision of the Standing Order says:  "The parties and counsel are cautioned not to allow discovery disagreements to drag on

unresolved until some important looming deadline forces them into action. Because of the press of its other business, the court may not be able to give the dispute its attention with the same celerity that some or all of the parties think is necessary." The parties say that they met and conferred several times before and after their February 28, 2014 in-person meeting. Still, the instant DDJR was not filed until August 28, 2014, one week after fact discovery closed---i.e., the deadline for requesting orders to compel discovery under Civ. L.R. 37-3 and, apparently, also the deadline set for the service of opening expert reports. Despite the questionable compliance with the undersigned's Standing Order, this court has endeavored to resolve this matter as quickly as circumstances permit. The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons stated below, plaintiff's request for an order compelling discovery is denied.

The document requests at issue seek the following information:

- Request 4: "All documents concerning your decision to place Product Claims on the labeling of your Misbranded Food Products."
- Request 20: "All documents concerning considerations or deliberations by you to alter or remove the Product Claims from the labels of the Purchased Products and the Substantially Similar Products."
- Request 25: "All documents relating in any way to any internal analyses of your Product Claims for compliance with federal (FDCA) and California (Sherman Law) regulations."

(Dkt. 138-1). Plaintiff agrees to narrow these requests to the two types of Gerber 2nd Foods products she actually purchased---Nature Select 2nd Foods and Organic Smart Nourish 2nd Foods---in several varieties. She will forego any responsive discovery relating to "Substantially Similar Products." Additionally, the term "Product Claims" is limited to "excellent source," "good source," "as healthy as fresh," "no added sugar," and "no added refined sugar."

In essence, plaintiff says that her claims sound in fraud, and this discovery is meant to ascertain what defendant knew or should have known about the challenged statements and why its labels changed. Gerber contends that its knowledge or intent is entirely irrelevant because intent is

2

1  not a required element for plaintiff's UCL, FAL, or CLRA claims.  Here, defendant argues that the
2  only evidence of record establishes that the challenged statements were truthful and not
3  misleading.  On the instant DDJR, however, the question before this court is not whether plaintiff
4  has sufficient evidence to prove her claims, but rather, whether the information she seeks properly
5  is discoverable.  What this court gleans from the caselaw is that UCL and FAL violations for
6  fraudulent business practices are distinct from common law fraud, and generally the focus is on
7  whether the public is likely to be deceived by the practice at issue.  Kowalsky v. Hewlett-Packard
8  Co., 771 F. Supp.2d 1156, 1159 (N.D. Cal. 2011).  But, even if a defendant may not have intended
9  to deceive consumers, a relevant inquiry under UCL and FAL claims is whether or not defendant
10 knew or should have known about facts that rendered its statements misleading or its advertising
11 deceptive at the time the statements were made.  Id. at 1161-62.  And, "[g]enerally, the standard
12 for deceptive practices under the fraudulent prong of the UCL applies equally to claims for
13 misrepresentation under the CLRA."  Id. at 1162.  Thus, this court finds that the requested
14 discovery is relevant or reasonably calculated to lead to the discovery of admissible evidence.
15 Fed. R. Civ. P. 26(b)(1).

16 Gerber nevertheless opposes this discovery on the ground that the burden and expense of
17 the requested discovery outweighs its likely benefit.  Alternatively, defendant argues that plaintiff
18 should bear the entire cost of any production that might be ordered.  On motion or on its own, the
19 court must limit the extent of discovery if it determines that (a) the discovery sought is
20 unreasonably cumulative or duplicative or can be obtained from a source that is more convenient,
21 less burdensome or less expensive, (b) the party seeking discovery has had ample opportunity to
22 obtain the information through discovery; or (c) the burden or expense of the discovery sought
23 outweighs its likely benefit, considering the needs of the case, the amount in controversy, the
24 parties' resources, the importance of the issues at stake, and the importance of the discovery in
25 resolving those issues.  Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

26 Plaintiff says that Gerber has substantial resources.  However, there is no dispute that that
27 any compensatory damages Bruton might recover are low.  Indeed, in Gerber's view, any damages
28 to which plaintiff might be entitled would amount, at most, to a few cents per product, for a grand

1  total of less than one dollar.  To the extent Bruton has a basis for refuting that assertion, she has
2  not provided an explanation in the instant DDJR.

3        As for injunctive relief, Gerber argues that the needs of the case and the importance of the
4  discovery in resolving the issues are simply not worth the expense of producing responsive
5  documents.  Here, Gerber contends that plaintiff, in her individual capacity, is not entitled to seek
6  injunctive relief under the UCL or FAL, noting that courts have dismissed or stricken such claims
7  "because plaintiffs could not obtain injunctive relief under the UCL without satisfying class action
8  requirements."  (Dkt. 138 at 10).  Defendant, however, mischaracterizes its cited cases, which are
9  inapposite in any event.  See Friedman v. 24 Hour Fitness USA, Inc., 580 F. Supp.2d 985 (C.D.
10  Cal. 2008); Clark v. LG Elecs. U.S.A., Inc., No. 13-cv-485 JM (JMA), 2013 WL 5816410 (S.D.
11  Cal., Oct. 29, 2013).  Friedman and Clark concerned putative class action plaintiffs who wanted to
12  pursue representative actions, but improperly pled that they sought injunctive relief "on behalf of
13  the general public" (i.e., something that can only be done by the Attorney General or other public
14  authority).  The plaintiffs were permitted to proceed with representative claims subject to class
15  action pleading requirements.  Further, Clark observed that the plaintiff properly could pursue her
16  claims individually, as well as on behalf of the identified classes.  2013 WL 5816410 at *4.  With
17  respect to the CLRA, Gerber acknowledges that an individual plaintiff may be entitled to
18  injunctive relief, but contends that Bruton's claim is frivolous.  Here, defendant argues that the
19  evidence conclusively establishes that Gerber never made any misrepresentations whatsoever.  On
20  the record presented, however, this court is in no position to assess the evidence (whatever that
21  might be).  And, in any event, as discussed above, the only issue this court addresses here is
22  whether Gerber properly should be compelled to produce the requested discovery.

23        Gerber nevertheless says that Bruton testified that she stopped purchasing Gerber's
24  products and that her child no longer consumes baby food.  Additionally, defendant says that it
25  stopped using the challenged statements on the products at issue about two years ago.  Plaintiff
26  does not refute these assertions, but maintains that they do not preclude her from seeking an
27  injunction.  She claims that defendant continues to use (alleged) deceptive statements generally,
28  but otherwise says only that an injunction is important because Gerber might "resurrect" its

United States District Court
Northern District of California

alleged deceptive labeling at some point in the future. (Dkt. 138 at 4). It is not for this court to determine the propriety of any injunctive relief plaintiff seeks. But, for purposes of resolving the instant discovery dispute, Gerber's unrefuted assertions undercut plaintiff's arguments as to the importance of the issues at stake in the case and the importance of the discovery in resolving the issues.

Additionally, Gerber says that it has produced more than just outward facing labels in discovery. This court is told that Bruton deposed Cheryl Callen, Gerber's Director of Regulatory Affairs and its Fed. R. Civ. P. 30(b)(6) designee, on topics including defendant's policies, procedures, and practices for creating labels and ensuring that they comply with California and federal food labeling regulations. (There is no indication on the record presented that Callen was an inadequate witness or that her testimony was evasive.) Gerber says it has also presented a declaration from one of its Marketing Directors, Kelly Greenberg, addressing defendant's marketing and labeling practices and procedures (Dkt. 87). Plaintiff nonetheless maintains that defendant has refused to produce any documents, except those that consumers might have seen, such as labels. But, if indeed the requested documents are "critical to resolving the issues in this case," as plaintiff claims (Dkt. 138 at 4), then this court wonders why this DDJR was presented after fact discovery closed, on the very last day to seek to compel discovery, and on the same day that opening expert reports were due.

While Gerber has not substantiated its claim that producing the requested documents will cost "hundreds of thousands more than the amount Plaintiff can recover in this case," (Dkt. 138 at 9), on the record presented, it seems likely that the associated expense might exceed the very modest sum this court is told plaintiff might recoup. As discussed above, plaintiff agreed to narrow the discovery in certain respects. Even so, the requests, as drafted, are still quite broad, seeking "[a]ll documents" "concerning" or "relating in any way" to the subject matter of the requests. And, defendant says (and plaintiff does not deny) that it asked plaintiff to identify particular types of documents she is interested in, but plaintiff refused to do so.

Under the circumstances presented here, this court finds that the burden or expense of the requested discovery outweighs its likely benefit, and plaintiff's request for an order compelling

5

1  production is denied.
2         SO ORDERED.
3  Dated:   September 4, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:12-cv-02412-LHK Notice has been electronically mailed to:

Ben F. Pierce Gore     pgore@prattattorneys.com, cotto@prattattorneys.com, dawn@cfbfirm.com, ntmaddux@barrettlawgroup.com, PTaylor@barrettlawgroup.com, rtrazo@prattattorneys.com

Brian K Herrington     bherrington@barrettlawgroup.com, bherrington@pacernotice.com

Bryan Alexander Merryman     bmerryman@whitecase.com, cephraim@whitecase.com, Karina.Amador@whitecase.com, tbenedict@whitecase.com

David Shelton     david@davidsheltonpllc.com

Rachel J Feldman     rfeldman@whitecase.com