United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATALIA BRUTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GERBER PRODUCTS COMPANY,<br><br>Defendant. | Case No.: 12-CV-02412-LHK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Plaintiff Natalia Bruton ("Bruton") has brought the instant lawsuit against Gerber Products Company ("Gerber"), alleging that Gerber violated state law by making unlawful and misleading claims on its food product labels. Before the Court are Bruton's Motion for Partial Summary Judgment, ECF No. 140 ("Bruton MSJ"), and Gerber's Motion for Summary Judgment, ECF No. 141 ("Gerber MSJ"). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby DENIES Bruton's Motion for Partial Summary Judgment and GRANTS Gerber's Motion for Summary Judgment.

**I.  BACKGROUND**

    **A.  Factual Background**

Gerber, a private corporation with principal place of business in Fremont, Michigan, claims to be "the world's most trusted name in baby food," and reportedly controls between seventy and eighty percent of the baby food market in the United States. Second Amended Complaint ("SAC"), ECF No. 62 ¶¶ 21, 27. Gerber packages and sells retail food products, such as puree baby food, snacks, yogurts, side dishes, and beverages, specifically intended for infants and children under two years of age. *Id.* ¶ 28. Gerber organizes its products by "stages," including: "Birth+," "Supported Sitter," "Sitter," "Crawler," "Toddler," and "Preschooler." *Id.* All of the Gerber product categories other than "Preschooler" describe children under two years of age. *Id.*

Bruton is a California resident who is "concerned about the nutritional content of the food she purchase[s] for her child's consumption." SAC ¶¶ 20, 81. At various times within the past several years, Bruton allegedly purchased many of Gerber's food products that are intended for children under the age of two. *Id.* ¶¶ 20, 82. Specifically, Bruton purchased the following products ("Purchased Products"):

(1) Gerber Nature Select 2nd Foods Fruit—Banana Plum Grape;

(2) Gerber Nature Select 2nd Foods Fruit—Apples and Cherries;

(3) Gerber Nature Select 2nd Foods Vegetables—Carrots;

(4) Gerber Nature Select 2nd Foods Spoonable Smoothies—Mango;

(5) Gerber Nature Select 2nd Foods Vegetables—Sweet Potatoes & Corn;

(6) Gerber Organic SmartNourish 2nd Foods—Banana Raspberry Oatmeal;

(7) Gerber Organic SmartNourish 2nd Foods—Butternut Squash & Harvest Apple with Mixed Grains; and

(8) Gerber Organic SmartNourish 2nd Foods—Farmer's Market Vegetable Blend with Mixed Grains.

*See* Stipulated Chart of Products at Issue in This Case ("Chart"), Ex. A. to ECF No. 117 at 1-3. In addition to bringing claims regarding the Purchased Products, Bruton also asserts claims related to dozens of additional products that Bruton alleges make similar label misrepresentations and violate

2

Case No.: 12-CV-02412-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

the same federal and California labeling laws. SAC ¶ 3. Bruton refers to these additional products as the "Substantially Similar Products." *Id.*; *see also* Chart at 1-4.

Before purchasing Gerber's products for her child, Bruton allegedly read and relied on Gerber's labels, which she contends are "misbranded." SAC ¶¶ 7, 17, 83. At the point of sale, Bruton contends that she "did not know, and had no reason to know, that Gerber's products were misbranded" and "would not have bought the products had she known the truth about them." *Id.* ¶ 86. Bruton alleges that Gerber made, and continues to make, two types of unlawful and deceptive claims on its product labels: "nutrient content claims," *id.* ¶¶ 59-68, and "sugar-related claims," *id.* ¶¶ 69-80.

### 1. Nutrient Content Claims

First, Bruton challenges Gerber's use of "nutrient content claims," which are claims about specific nutrients contained in a product that, pursuant to section 403 of the Food, Drug, and Cosmetic Act ("FDCA"), must be made in accordance with federal regulations. SAC ¶¶ 51-53; *see* 21 U.S.C. § 343(r)(1)(A) (defining "nutrition levels and health-related claims" as pertaining to "a food intended for human consumption which is offered for sale and for which a claim is made in the label or labeling of the food which expressly or by implication . . . characterizes the level of any nutrient"). California expressly adopted the requirements of section 403 of the FDCA in section 110670 of the Sherman Food, Drug, and Cosmetic Law (the "Sherman Law"). *See* Cal. Health & Safety Code § 110670 ("Any food is misbranded if its labeling does not conform with the requirements for nutrient content or health claims as set forth in" 21 U.S.C. § 343(r)).

Bruton alleges that Gerber makes nutrient content claims on virtually all Gerber food products, despite the fact that the Food and Drug Administration ("FDA") authorizes nutrient content claims on foods for adults that are not permitted on foods for children under age two. *See* SAC ¶ 60 ("Nutrient content claims on products intended to be consumed by children under two are barred because the nutritional needs of children are very different from those of adults, and thus such nutritional claims on infant and toddler food can be highly misleading."); *see* 21 C.F.R. § 101.13(b)(3) ("Except for claims regarding [certain] vitamins and minerals . . . , no nutrient

3

Case No.: 12-CV-02412-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

content claims may be made on food intended specifically for use by infants and children less than 2 years of age unless the claim is specifically provided for" by particular regulations).

Bruton specifically asserts that Gerber makes misbranded nutrient content claims that fall into three categories: (a) "Excellent Source" and "Good Source" claims; (b) "Healthy" claims; and (c) "No Added Sugar" claims.

- *"Excellent Source" and "Good Source" claims*: Bruton contends that Gerber food products intended for children under two that claim to be an "Excellent Source" or a "Good Source" of various vitamins and minerals are "misbranded within the meaning of the FDCA § 403(r)(1)(A) and 21 U.S.C. § 343(r)(1)(A) because their labeling includes unauthorized nutrient content claims." SAC ¶ 59(a).

- *"Healthy" claims*: Bruton also asserts that Gerber food products intended for children under two that make statements such as "As Healthy As Fresh," "Nutrition for Healthy Growth & Natural Immune Support," and "Supports Healthy Growth & Development" are misbranded because they bear the nutrient content claim "healthy," despite the fact that federal regulations do not allow such claims for products specifically intended for children under two years of age. *Id.* ¶ 59(b).

- *"No Added Sugar" claims*: Bruton further alleges that Gerber food products that claim to have "No Added Sugar" or "No Added Refined Sugar" are misbranded because "[s]uch nutrient content claims may not be made on food products intended for children under two." *Id.* ¶ 59(c).

### 2. Sugar-Related Claims

Bruton additionally alleges that many of Gerber's products that are labeled with a "No Added Sugar" or "No Added Refined Sugar" nutrient content claim contain sufficiently high levels of calories that federal law requires that the claims be accompanied by a disclosure statement warning of the higher caloric level of the products. SAC ¶ 69 (citing 21 C.F.R. § 101.60(c)(2)). Because Gerber does not place a disclosure statement on food products containing sufficient calories to trigger the FDA's disclosure requirement, Bruton asserts that Gerber's product labels violate California law. *Id.* ¶¶ 69-74. Bruton states: "Because consumers may reasonably be expected to regard terms that represent that the food contains 'no added sugar' or sweeteners as indicating a product which is low in calories or significantly reduced in calories, consumers are misled when foods that are not low-calorie as a matter of law are falsely represented." *Id.* ¶ 76.

4

Case No.: 12-CV-02412-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### B. Procedural History

Bruton filed her initial Complaint against Gerber, Nestlé Holdings, Inc., and Nestlé USA, Inc. on May 11, 2012. ECF No. 1. On July 2, 2012, Bruton filed a Notice of Voluntary Dismissal of Defendant Nestlé Holdings, Inc. ECF No. 9. Gerber and Nestlé USA, Inc. then filed a Motion to Dismiss on August 31, 2012. ECF No. 18. Rather than responding to the Motion to Dismiss, Bruton filed a First Amended Complaint ("FAC") on September 21, 2012. ECF No. 26.

Gerber and Nestlé USA, Inc. subsequently withdrew their Motion to Dismiss the initial Complaint as moot, ECF No. 27, and filed a Motion to Dismiss the FAC, ECF No. 28. On September 6, 2013, the Court granted in part and denied in part Gerber and Nestlé USA, Inc.'s Motion to Dismiss. ECF No. 57. Bruton filed the SAC on October 7, 2013, this time naming Gerber as the sole defendant.[1] *See* SAC. In the SAC, Bruton alleges the following causes of action: (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, for unlawful, unfair, and fraudulent business acts and practices, SAC ¶¶ 114-40; (2) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*, for misleading, deceptive, and untrue advertising, SAC ¶¶ 141-56; and (3) violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, SAC ¶¶ 157-73. Gerber filed a Motion to Dismiss the SAC on October 31, 2013, ECF No. 65, which the Court granted in part and denied in part on January 15, 2014, ECF No. 83.

On January 10, 2014, Bruton moved for class certification, seeking to certify both a damages and an injunctive relief class. ECF No. 82. Gerber filed an opposition on March 11, 2014, ECF No. 88, and Bruton replied on April 3, 2014, ECF No. 110.[2] On June 23, 2014, the Court denied class certification, concluding that neither proposed class was ascertainable. *See* ECF No. 128 at 14 ("The number of products at issue in this case, the varieties included and not included in the class definition, the changes in product labeling throughout the class period, the

---

[1] On November 8, 2013, the parties stipulated to the dismissal of Nestlé USA, Inc. with prejudice. ECF No. 75.

[2] On May 9, 2014, the parties stipulated to a "list of products still at issue in this case." ECF No. 117 at 1. The list included the eight Purchased Products enumerated above. *See* Chart at 1-3.

5
Case No.: 12-CV-02412-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

varied and uncertain length of time it takes for products with new labels to appear on store shelves, and the fact that the same products were sold with and without the challenged label statements simultaneously make Plaintiff's proposed class identification method administratively unfeasible.").

On October 24, 2014, Bruton filed the instant Motion for Partial Summary Judgment, *see* Bruton MSJ, and Gerber filed the instant Motion for Summary Judgment, *see* Gerber MSJ. The parties filed their respective oppositions on November 14, 2014. ECF No. 147 ("Gerber Opp."); ECF No. 150 ("Bruton Opp."). Gerber replied on November 25, 2014, ECF No. 152 ("Gerber Reply"), and so too did Bruton on November 26, 2014, ECF No. 154 ("Bruton Reply").

## II. LEGAL STANDARD

Summary judgment is appropriate if, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, there are no genuine disputes of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986). At the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559-60 (2006). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Id.* at 322-23. But on an issue for which the opposing party will have the burden of proof at trial, the party moving for summary judgment need only point out that "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 323. Once the moving party meets its initial burden, the

6
Case No.: 12-CV-02412-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1    nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts

2    showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250.

3          If evidence produced by the moving party conflicts with evidence produced by the

4    nonmoving party, a court must assume the truth of the evidence set forth by the nonmoving party

5    with respect to that fact. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999). "Bald

6    assertions that genuine issues of material fact exist," however, "are insufficient." *See Galen v.*

7    *Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007); *see also United States ex rel. Cafasso v. Gen.*

8    *Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a

9    plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory

10   allegations."). "If the evidence is merely colorable, or is not significantly probative, summary

11   judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

12         When, as here, the parties have filed cross-motions for summary judgment, the Court

13   "review[s] each motion for summary judgment separately, giving the nonmoving party for each

14   motion the benefit of all reasonable inferences." *Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty.*

15   *Sheriff Dep't*, 533 F.3d 780, 786 (9th Cir. 2008). In so doing, the Court "must consider each

16   party's evidence, regardless under which motion the evidence is offered." *Las Vegas Sands, LLC*

17   *v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011).

18   **III.   DISCUSSION**

19         Gerber advances several bases on which the Court may grant summary judgment in its

20   favor. First, Gerber argues that Bruton lacks Article III and statutory standing to proceed under the

21   UCL, FAL, and CLRA because there is no evidence that Bruton actually bought any of the

22   Purchased Products or, if Bruton did, that she suffered any injury as a result of the label statements.

23   Gerber MSJ at 7-14. Second, even if Bruton could establish standing, Gerber asserts that there is

24   no evidence Bruton is entitled to any remedy under the UCL, FAL, and CLRA. *Id.* at 14-20. As to

25   restitution or damages, Gerber says that there is no evidence quantifying any alleged price

26   premium paid by Bruton as a result of Gerber's label statements. *Id.* at 15-17. Nor is there any

27   evidence, Gerber contends, that Bruton is entitled to injunctive relief. *Id.* at 17-20. Lastly, Gerber

28

7

Case No.: 12-CV-02412-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

argues that Bruton's UCL, FAL, and CLRA claims fail as a matter of law because there is insufficient evidence that reasonable consumers likely would have been misled by Gerber's label statements. *Id.* at 20-22. Bruton, for her part, asserts that partial summary judgment is appropriate as to her UCL "unlawful" claim because there is no genuine dispute that Gerber's nutrient content claims violate 21 C.F.R. § 101.13(b)(3), which generally prohibits nutrient content claims on food products intended for children ages two and younger, and the Sherman Law. Bruton MSJ at 7-10.

For the reasons stated below, the Court concludes there is insufficient evidence that the nutrient content and sugar-related claims on the challenged Gerber products were likely to mislead reasonable consumers and that the label statements were therefore unlawful on that basis. Because Gerber has shown an absence of a genuine dispute of material fact on these points, the Court GRANTS Gerber's Motion for Summary Judgment. The Court need not address the other bases Gerber advances in its summary judgment motion or Bruton's counterarguments thereto. The Court necessarily DENIES Bruton's Motion for Partial Summary Judgment.

### A. Statutory Framework

Federal law gives the FDA "the responsibility to protect the public health by ensuring that 'foods are safe, wholesome, sanitary, and properly labeled.'" *Lockwood v. Conagra Foods, Inc.*, 597 F. Supp. 2d 1028, 1030 (N.D. Cal. 2009) (quoting 21 C.F.R. § 393(b)(2)(A)). Under the FDCA, food is "misbranded" if its labeling is "false or misleading in any particular." 21 U.S.C. § 343(a)(1). As relevant here, federal regulations generally prohibit nutrient content claims on food products intended for children ages two and younger. *See* 21 C.F.R. § 101.13(b)(3) ("Except for claims regarding [certain] vitamins and minerals . . . no nutrient content claims may be made on food intended specifically for use by infants and children less than 2 years of age unless the claim is specifically provided for" by particular regulations). In addition, federal regulations generally require that sugar-related claims on food products be accompanied by a disclosure statement warning of the products' high caloric content. *See* 21 C.F.R. § 101.60(c)(2).

California, through the Sherman Law, has expressly adopted the federal labeling requirements as its own. According to that statute, "All food labeling regulations and any

amendments to those regulations adopted pursuant to the federal act . . . shall be the food regulations of [California]." Cal. Health & Safety Code § 110100(a). California has also enacted a number of laws and regulations that adopt and incorporate specific federal food laws and regulations. *See, e.g.*, *id.* § 110660 ("Any food is misbranded if its labeling is false or misleading in any particular."); *id.* § 110670 ("Any food is misbranded if its labeling does not conform with the requirements for nutrient content or health claims as set forth in" 21 U.S.C. § 343(r)).

Against that statutory backdrop, Bruton's lawsuit purports to have "two distinct facets." SAC ¶ 7. In particular, Bruton argues that Gerber has violated the UCL, FAL, and CLRA because the nutrient content and sugar-related claims on the challenged Gerber products are (1) misbranded and (2) misleading. *Id.* ¶¶ 7-19. Misbranding, says Bruton, is actionable on its own "without any allegations of deception." *Id.* ¶ 11. The Court first addresses the question of deception.

**B.    Whether Gerber's Labels Are Deceptive**

Bruton's UCL, FAL, and CLRA claims are governed by the "reasonable consumer standard," which requires evidence that "members of the public are likely to be deceived." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (internal quotation marks omitted). To survive summary judgment, Bruton "must produce evidence showing 'a likelihood of confounding an appreciable number of reasonably prudent purchasers exercising ordinary care.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1026 (9th Cir. 2008) (quoting *Brockey v. Moore*, 107 Cal. App. 4th 86, 99 (2003)). Put another way, Bruton must show "it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 507 (2003). Although surveys and expert testimony regarding consumer expectations are not required, "a few isolated examples of actual deception are insufficient" in the Ninth Circuit. *Clemens*, 534 F.3d at 1026 (internal quotation marks omitted). Whether a business practice is deceptive is typically, but not always, a question of fact for the jury to decide. *See Williams*, 552 F.3d at 938.

Bruton's evidence is insufficient to create a genuine dispute of material fact. In her Opposition, Bruton asserts that "both sides have presented evidence as to whether Gerber's

9

Case No.: 12-CV-02412-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

labeling was misleading to a reasonable consumer." Bruton Opp. at 22. In support of this assertion, Bruton cites her deposition testimony but omits any pincite. *See id.* Tellingly, the only portion of Bruton's deposition that she quotes does not even suggest that she thought Gerber's label statements were untrue. *Cf.* Deposition of Natalia Bruton, ECF No. 151-1, at 65 ("I'm not sure whether [Gerber's label statements] are true or not."). Rather, Bruton says she found Gerber's labels "misleading" because they "make you believe that their product, like I said, has something that Beech-Nut's doesn't have," referring to a Gerber competitor. *Id.* at 64. Specifically, Bruton continued, Gerber's labels "make[] you think that it has a higher vitamin content, no added sugar, you know, just things on there that . . . Beech-Nut doesn't say." *Id.* at 65. Although couched in language of misrepresentation, this testimony suggests only that Bruton relied on Gerber's label statements in making her purchasing decision vis-à-vis Beech-Nut.

Even assuming that Bruton's testimony amounts to evidence of actionable deception, binding Ninth Circuit precedent requires the Court to conclude that Bruton's own testimony, without more, is not enough to survive summary judgment. As the Ninth Circuit explained in *Clemens*, "a few isolated examples of actual deception are insufficient" to survive summary judgment. 534 F.3d at 1026 (internal quotation marks omitted); *see also Ries v. Ariz. Beverages USA LLC*, No. 10-01139 RS, 2013 WL 1287416, at *6-7 (N.D. Cal. Mar. 28, 2013) (granting summary judgment where defendants' owner testified that some consumers of AriZona Iced Tea "were confused by the term a hundred percent natural" because such testimony, without more, "does not demonstrate that it is probable that a significant portion of the consuming public could be confused by the 'all natural' labeling of defendants' products").

The additional "evidence" offered by Bruton falls short. Without citation, Bruton claims that "FDA's regulations and its subsequent warning letters are evidence of how reasonable consumers would view the labels here." Bruton Opp. at 22. These vague references are insufficient. *See Clemens*, 534 F.3d at 1026 (affirming a grant of summary judgment on fraud-based UCL claim where "[a]side from his bare allegations, Clemens has produced no evidence to suggest that a reasonable consumer would have expected or assumed any particular head gasket

10

Case No.: 12-CV-02412-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

lifespan in excess of the warranty period"). Bruton's failure to offer any evidence is not for want of opportunity. Indeed, Bruton does not refute Gerber's contention that "since the Court denied Plaintiff's motion for class certification"—which occurred in June 2014, two months before the close of fact discovery and three months before the close of expert discovery—Bruton "has conducted no further discovery." Gerber MSJ at 1. Furthermore, Bruton points to nothing in her experts' declarations or testimony that evidences a likelihood of deception. In fact, Dr. Edward Scarbrough, one of Bruton's experts, testified that many of Gerber's label statements are not misleading. *See* Deposition of Edward Scarbrough, ECF No. 146-13, at 55-56 (finding "nothing" misleading about the label statements on Gerber Nature Select 2nd Foods Vegetables—Carrots ("Gerber Carrots")); *id.* at 79-81 (testifying that the "excellent source of vitamin A" and "excellent source of vitamin C" label statements on Gerber Carrots are "truthful" and "not misleading"); *id.* at 87 (affirming that the "no added sugar" label statement on Gerber Nature Select 2nd Foods Fruit—Apples and Cherries is "truthful" and "not misleading"). The Court has no duty to scavenge for a genuine dispute. *See Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court does not have a duty to search for evidence that would create a factual dispute.").

Bruton's citation to *Ogden v. Bumble Bee Foods, LLC*, No. 5:12-CV-01828-LHK, 2014 WL 27527 (N.D. Cal. Jan. 2, 2014), is unpersuasive. In that case, the Court expressly declined to "consider Bumble Bee's passing reference to the reasonable consumer test" because "Bumble Bee has not moved for summary judgment on the ground that Ogden cannot meet the substantive elements of a UCL, FAL, or CLRA claim." *Id.* at *9 n.9. Any further discussion by the Court concerning the likelihood of deception in that case was therefore dicta. *Id.* Bruton's reference to *Rubio v. Capital One Bank*, 613 F.3d 1195 (9th Cir. 2010), fares no better. In *Rubio*, the Ninth Circuit found that "evidence on how a reasonable consumer will understand the term 'fixed rate' is available from the Federal Reserve Board of Governors," and such evidence was sufficient to survive a motion to dismiss. *Id.* at 1200. Unlike here, the evidence in *Rubio* was based on "consumer testing" conducted by an independent "research firm." *Id.* That testing included "several rounds of interviews" with credit cardholding consumers. *Id.* at 1200-01; *see also* Truth

11

Case No.: 12-CV-02412-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

in Lending, 74 Fed. Reg. 5244, 5246-48 (Jan. 29, 2009) (describing the consumer testing that was conducted in *Rubio*, including "a survey to conduct quantitative testing").

In the instant case, by contrast, the best Bruton can muster is that "consumer surveys are not required" under California law. Bruton Opp. at 23 (capitalization altered). True enough. *See Brockey*, 107 Cal. App. 4th at 99. Consistent with California law, the Court today does not require consumer surveys. Bruton, however, still must provide evidence "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled" by Gerber's nutrient content and sugar-related claims. *Lavie*, 105 Cal. App. 4th at 507. Bruton has not done so. Though given the opportunity to offer evidence, Bruton and her experts declined. As binding Ninth Circuit precedent makes clear, "a few isolated examples of actual deception are insufficient" to survive summary judgment. *Clemens*, 534 F.3d at 1026. Where, as here, a plaintiff offers one isolated example of deception—i.e., Bruton's—summary judgment must be granted. *See Ries*, 2013 WL 1287416, at *6-7 (granting summary judgment where plaintiffs failed to offer "extrinsic evidence that a significant portion of the consuming public would be confused by" AriZona Iced Tea's "all natural" label statements); *Martinez v. Welk Grp., Inc.*, 907 F. Supp. 2d 1123, 1141 (S.D. Cal. 2012) (granting summary judgment where, "aside from Plaintiff's bare allegations," there was "no evidence to suggest that a reasonable consumer would have expected or assumed that the entire [San Diego] Resort was, and has always been, free of any mold, mildew, or water intrusion"); *cf. Brockey*, 107 Cal. App. 4th at 99-100 (finding that "the trier of fact could conclude [defendant's] activities were likely to mislead consumers" where the evidence included expert testimony and showed that "a number of consumers were actually deceived").

For these reasons, the Court GRANTS Gerber's Motion for Summary Judgment to the extent Bruton's causes of action are based on Gerber's nutrient content and sugar-related claims misleading reasonable consumers.

12
Case No.: 12-CV-02412-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### C. Whether Gerber's Labels Are Unlawfully Misbranded

Bruton also alleges that Gerber's sale of products containing the nutrient content and sugar-related claims is "unlawful" for purposes of the UCL because those products are "misbranded." SAC ¶ 7-15, 114-24. "By proscribing any unlawful business practice, the UCL borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Alvarez v. Chevron Corp.*, 656 F.3d 925, 933 n.8 (9th Cir. 2011) (alteration and internal quotation marks omitted). "Virtually any law—federal, state or local—can serve as a predicate for an action under [the UCL]." *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718 (2001). "If a plaintiff cannot state a claim under the predicate law, however, [the UCL] claim also fails." *Stokes v. CitiMortgage, Inc.*, No. CV 14-00278 BRO SHX, 2014 WL 4359193, at *11 (C.D. Cal. Sept. 3, 2014) (internal quotation marks omitted).

In her SAC, Bruton attempts to bifurcate her lawsuit into two "facets": misbranding and deception. SAC ¶ 7. According to Bruton, all she "needs to show is that she bought an unlawful product and was injured as a result." *Id.* ¶ 11. A misbranding claim, Bruton alleges, "does not sound in fraud." *Id.*

While this may be true for some misbranding claims, such is not the case here. The very next paragraph in Bruton's SAC illustrates why her particular "misbranding" claims do in fact sound in fraud: "nutrient content claims that may be helpful in making healthy choices with respect to products intended to be consumed by adults *could in fact be misleading* and harmful with respect to products intended to be consumed by infants and children under two years of age." SAC ¶ 12 (emphasis added). As Bruton explains further, "Nutrient content claims on products intended to be consumed by children under two are barred because the nutritional needs of children are very different from those of adults, and thus such nutritional claims on infant and toddler food *can be highly misleading*." *Id.* ¶ 60 (emphasis added); *accord* Bruton MSJ at 5. In Bruton's own words, "FDA regulates nutrient content claims" precisely because "nutritional claims on infant and toddler food *can be highly misleading*." Bruton MSJ at 9 (emphasis added).[3] The injury, then, caused by

---

[3] The preceding examples all involve Bruton's misbranding allegations under 21 C.F.R. § 101.13(b)(3) concerning Gerber's nutrient content claims, but the same is true with respect to

13
Case No.: 12-CV-02412-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Gerber's alleged misbranding is the same as the injury caused by Gerber's alleged deception: consumers "paid a premium price" they otherwise would not have paid absent the label statements. SAC ¶ 121 (describing the injury Bruton suffered for purposes of her UCL unlawful claim).

Under these circumstances, the Court finds that Bruton's UCL unlawful claims sound in fraud and thus are subject to the reasonable consumer test. *See Harmon v. Hilton Grp., PLC*, 554 F. App'x 634, 635 (9th Cir. 2014) ("UCL claims are governed by the 'reasonable consumer standard,' which requires evidence that 'members of the public are likely to be deceived.'" (quoting *Williams*, 523 F.3d at 938)); *see also Kane v. Chobani, Inc.*, No. 12-CV-02425-LHK, 2013 WL 5289253, at *6 (N.D. Cal. Sept. 19, 2013) (finding "the gravamen of Plaintiffs' claims under the UCL's unlawful, unfair, and fraud prongs is that Defendant's labeling was deceptive" and thus "was likely to deceive reasonable consumers"); *cf. Wilson v. Frito-Lay N. Am., Inc.*, No. 12-1586 SC, 2013 WL 1320468, at *5 (N.D. Cal. Apr. 1, 2013) ("[T]he rule is that plaintiffs need not satisfy Rule 9(b) as to the UCL's unlawful prong when the basis of their claim does not sound in fraud. However, when it does, and especially when a plaintiff alleges a unified course of fraudulent conduct that forms the basis of their UCL claims, plaintiffs must plead the UCL claims with specificity." (citing *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1105-06 (9th Cir. 2003))); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1355 (2010) (extending the "actual reliance" requirement for statutory standing to UCL unlawful claims where the "predicate unlawful conduct is based on misrepresentations"). Because the Court has found no genuine dispute as to whether Gerber's label statements were misleading to reasonable consumers, *see supra* Part III.B, the Court necessarily must find no genuine dispute as to whether California law was violated on that very

---

Bruton's misbranding allegations under 21 C.F.R. § 101.60(c)(2) concerning Gerber's sugar-related claims. *See* SAC ¶ 76 ("Because consumers may reasonably be expected to regard terms that represent that the food contains 'no added sugar' or sweeteners as indicating a product which is low in calories or significantly reduced in calories, *consumers are misled* when foods that are not low-calorie as a matter of law are falsely represented, through the unlawful use of phrases like 'no added sugar' that they are not allowed to bear due to their high calorific levels and absence of mandated disclaimer or disclosure statements." (emphasis added)); *id.* ¶ 77 ("Defendant's 'no added sugar' claims at issue in this Complaint *are misleading* and in violation of 21 C.F.R. § 101.60(c)(2) and California law, and the products at issue are misbranded as a matter of law." (emphasis added)).

14
Case No.: 12-CV-02412-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

basis. With no predicate violation on which to rely, Bruton's UCL unlawful claim must fail. *See Stokes*, 2014 WL 4359193, at *11.

Accordingly, the Court GRANTS Gerber's Motion for Summary Judgment to the extent Bruton's causes of action are based on Gerber's products being misbranded and therefore sold unlawfully under the UCL. As a result, the Court DENIES Bruton's Motion for Partial Summary Judgment.[4]

## IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Bruton's Motion for Partial Summary Judgment and GRANTS Gerber's Motion for Summary Judgment.

The Clerk shall close the case file.

**IT IS SO ORDERED.**

Dated: December 18, 2014



LUCY H. KOH
United States District Judge

---

[4] The Court DENIES as moot Gerber's evidentiary objections. *See* ECF No. 156; Gerber Reply at 14-15. Even if the challenged testimony were admissible, the Court would still grant summary judgment in Gerber's favor.