UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATALIA BRUTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GERBER PRODUCTS COMPANY,<br><br>　　　　Defendant. | Case No. 12-CV-02412-LHK<br><br>**ORDER GRANTING IN PART WITH PREJUDICE AND DENYING IN PART MOTION TO STRIKE IMPROPER ALLEGATIONS AND MOTION TO DISMISS SECOND CLAIM FOR RELIEF FOR UNJUST ENRICHMENT IN FOURTH AMENDED COMPLAINT**<br><br>Re: Dkt. No. 193 |

Plaintiff Natalia Bruton ("Bruton") brings this lawsuit against Gerber Products Company ("Gerber"), alleging that Gerber violated state law by making unlawful claims on its food products. Before the Court is Gerber's Motion to Strike improper allegations and Motion to Dismiss Bruton's second claim for relief for unjust enrichment in the Fourth Amended Complaint, which Bruton opposes, and Gerber replied. For the reasons set forth below, Gerber's motion to strike is GRANTED IN PART with prejudice and DENIED IN PART. Gerber's motion to dismiss is GRANTED IN PART with prejudice and DENIED IN PART.

## I. BACKGROUND

### A. Factual Background

Gerber is a private corporation with its principal place of business in Fremont, Michigan. ECF No.159 ("MSJ Order") at 2. Gerber's Fourth Amended Complaint (hereafter "4AC") claims that Gerber is "the world's most trusted name in baby food," and reportedly controls between 70 and 80 percent of the baby food market in the United States. ECF No. 192 ("4AC") ¶ 14. Gerber packages and sells retail food products, such as puree baby food, snacks, yogurts, side dishes, and beverages, specifically intended for infants and children under the age of two. *Id.* ¶ 15. Gerber organizes its products by "stages," including: "Birth+," "Supported Sitter," "Sitter," "Crawler," "Toddler," and "Preschooler." *Id.* All of the Gerber product categories other than "Preschoooler" describe children under two years of age. *Id.*

Burton is a California resident who is "concerned about the nutritional content of the food she purchased for her child's consumption." *Id.* ¶¶ 8, 65. Bruton purchased many of Gerber's food products that are intended for children under the age of two. *Id.* ¶¶ 8, 66. Specifically, Bruton purchased the following products ("Purchased Products"):

(1) Gerber Nature Select 2nd Foods Fruit—Banana Plum Grape;
(2) Gerber Nature Select 2nd Foods Fruit—Apple and Cherries;
(3) Gerber Nature Select 2nd Foods Vegetables—Carrots;
(4) Gerber Nature Select 2nd Foods Spoonable Smoothies—Mango;
(5) Gerber Nature Select 2nd Foods Vegetables—Sweet Potatoes & Corn;
(6) Gerber Organic SmartNourish 2nd Foods—Banana Raspberry Oatmeal;
(7) Gerber Organic SmartNourish 2nd Foods—Butternut Squash & Harvest Apple with Mixed Grains; and
(8) Gerber Organic SmartNourish 2nd Foods—Farmer's Market Vegetable Blend with Mixed Grains.

*See* ECF No. 184 ("Class Cert. Order") at 2.[1]

Bruton alleges that the Purchased Products are misbranded in violation of federal and California labeling laws. 4AC ¶ 2. More specifically, Bruton alleges that Gerber made

---

[1] On May 5, 2014, the parties jointly filed a Stipulated Chart of the Products at Issue in this Case to clarify which products were still at issue. *See* Exh. A to ECF No. 117.

two types of unlawful and misleading claims on its product labels: (1) "nutrient content claims," and (2) "sugar-related claims." *Id.* ¶¶ 44, 53.

First, Bruton challenges Gerber's use of "nutrient content claims," which are claims about specific nutrients contained in a product that, pursuant to Section 403 of the Food, Drug, and Cosmetic Act ("FDCA"), must be made in accordance with federal regulations. *Id.* ¶¶ 36–38; *see* 21 U.S.C. § 343(r)(1)(A). California expressly adopted the requirements of Section 403 of the FDCA in Section 110670 of the Sherman Food, Drug, and Cosmetic Law (the "Sherman Law"). *See* Cal. Health & Safety Code § 110670 ("Any food is misbranded if its labeling does not conform with the requirements for nutrient content or health claims as set forth in Section 403(r) (21 U.S.C. Sec. 343(r)) of the [FDCA] and the regulations adopted pursuant thereto."). Bruton alleges that Gerber makes nutrient content claims on virtually all Gerber food products, despite the fact that the Food and Drug Administration ("FDA") only authorizes nutrient content claims on foods for adults and does not permit such claims on foods for children under the age of two. *See* 4AC ¶¶ 44–46; 21 C.F.R. § 101.13(b)(3). Bruton specifically asserts that Gerber makes the following unlawful nutrient content claims: (1) claims that a product is an "Excellent Source" or "Good Source" of various vitamins and minerals, 4AC ¶ 44(a); (2) claims that a product is "As Healthy As Fresh," provides "Nutrition for Healthy Growth & Natural Immune Support," and "Supports Healthy Growth & Development," *id.* ¶ 44(b); and (3) claims that a product contains "No Added Sugar" or "No Added Refined Sugar" ("No Added Sugar Statements"), *id.* ¶ 44(c).

Second, Bruton alleges that many of Gerber's products that are labeled with No Added Sugar Statements contain sufficiently high levels of calories that federal law requires that the claims be accompanied by a disclosure statement warning of the high caloric value of the products. *Id.* ¶ 53 (citing 21 C.F.R. § 101.60(c)(2)). Because Gerber does not place a disclosure statement on these food products, Bruton asserts that Gerber's

3

product labels violate federal and California law. *Id.* ¶¶ 53–61.

In all, Bruton contends that by manufacturing, advertising, distributing, and selling misbranded food products, Gerber has violated California Health and Safety Code Sections 109885, 110390, 110395, 110398, 110400, 110660, 110665, 110670, 110705, 110760, 110765, and 110770. *Id.* ¶¶ 75–82. In addition, Bruton asserts that Gerber has violated the standards set by 21 C.F.R. §§ 101.13, 101.54, 101.60, 101.65, which have been adopted by reference into the Sherman Law. *Id.* ¶ 83. Consequently, the 4AC alleges the following causes of action: (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, for unlawful business acts and practices, *id.* ¶¶ 85–93; and (2) Restitution Based on Unjust Enrichment/Quasi-Contract, *id.* ¶¶ 94–98.

**B. Procedural History**

Bruton filed her initial Complaint against Gerber, Nestlé Holdings, Inc., and Nestlé USA, Inc. on May 11, 2012. ECF No. 1. On July 2, 2012, Bruton filed a Notice of Voluntary Dismissal of Defendant Nestlé Holdings, Inc. ECF No. 9. Gerber and Nestlé USA, Inc. then filed a Motion to Dismiss on August 31, 2012. ECF No. 18. Rather than responding to the Motion to Dismiss, Bruton filed a First Amended Complaint ("FAC") on September 21, 2012. ECF No. 26.

Gerber and Nestlé USA, Inc. subsequently withdrew their Motion to Dismiss the initial Complaint as moot, ECF No. 27, and filed a Motion to Dismiss the FAC, ECF No. 28. On September 6, 2013, the Court granted in part and denied in part Gerber and Nestlé USA, Inc.'s Motion to Dismiss the FAC. ECF No. 57. Of relevance here, the Court's order dismissed Bruton's claim for restitution based on unjust enrichment/quasi-contract. *Id.* at 41.

On October 7, 2013, Bruton filed her Second Amended Complaint ("SAC"), this time naming Gerber as the sole defendant. ECF No. 62. The SAC alleged the following causes of action: (1) violation of California's UCL, Cal. Bus. & Prof. Code § 17200, *et seq.*, for unlawful, unfair, and fraudulent business acts and practices, *id.* ¶¶ 114–40; (2) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*, for misleading, deceptive, and

untrue advertising, *id.* ¶¶ 141–156; and (3) violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*, *id.* ¶¶ 157–73. On October 31, 2013, Gerber filed a Motion to Dismiss the SAC, ECF No. 65, which the Court granted in part and denied in part on January 15, 2014, ECF No. 83. On November 8, 2013, the parties stipulated to the dismissal of Nestlé USA, Inc. with prejudice. ECF No. 75.

On January 10, 2014, Bruton moved for class certification for the first time and sought to certify both a damages and an injunctive relief class. ECF No. 82. On March 11, 2014, Gerber filed its opposition, ECF No.88, and Bruton replied on April 3, 2014, ECF No. 110. Because Bruton had filed her Motion for Class Certification on January 10, 2014, ECF No. 82, several days before the Court issued its Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Plaintiff's SAC, in which the Court dismissed certain products, ECF No. 83, Bruton's original proposed class definition referred to an overinclusive set of products. *See* ECF No. 82. Accordingly, the Court directed the parties to file an updated list of the products still at issue. ECF No. 116. In response, the parties file a Stipulated Chart of Products at Issue in this Case. ECF No. 117. On June 23, 2014, the Court concluded that neither proposed class was ascertainable and denied class certification. *See* ECF No. 128.

On October 24, 2014, Bruton filed a Motion for Summary Judgment, *see* ECF No. 140, and Gerber filed a Motion for Summary Judgment, *see* ECF No. 141. The parties filed their respective oppositions on November 14, 2014. ECF Nos. 147, 150. Gerber replied on November 25, 2014, ECF No. 152, and Bruton replied on November 26, 2014, ECF No. 154. On December 18, 2014, the Court granted Gerber's Motion for Summary Judgment on all of Bruton's UCL, FAL, and CLRA claims. MSJ Order.

On July 17, 2017, the Ninth Circuit affirmed in part and reversed in part. *Bruton v. Gerber Prod. Co.*, 703 F. App'x 468 (9th Cir. July 17, 2017).[2] The Ninth Circuit reversed the Court's

---

[2] The Ninth Circuit's decision withdrew and replaced a previous memorandum disposition and partial dissent. *Bruton v. Gerber Prod. Co.*, 2017 WL 1396221 (9th Cir. Apr. 19, 2017), *opinion*

5
Case No. 12-CV-02412-LHK
ORDER GRANTING IN PART WITH PREJUDICE AND DENYING IN PART MOTION TO STRIKE IMPROPER ALLEGATIONS AND MOTION TO DISMISS SECOND CLAIM FOR RELIEF FOR UNJUST ENRICHMENT IN FOURTH AMENDED COMPLAINT

denial of class certification because the decision was based on a lack of ascertainability, and in the subsequently decided *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017), the Ninth Circuit "—using different terminology for what the district court called 'ascertainability'—held that there was no separate 'administrative feasibility' requirement for class certification." *Bruton*, 703 F. App'x at 470 (quoting *Briseno*, 844 F.3d at 1123). The Ninth Circuit affirmed the grant of summary judgment for Gerber on Bruton's claims that Gerber's labels were deceptive in violation of the UCL, FAL, and CLRA. *Id.* at 470–71. However, the Ninth Circuit reversed the grant of summary judgment for Gerber on Bruton's claims that the labels were unlawful under the UCL. *Id.* at 471–72. The Ninth Circuit found the Court had erred in applying the reasonable consumer test to the UCL's unlawful prong because the UCL's unlawful prong borrows predicate legal violations, and California's Sherman Law, which is the predicate violation in this case, incorporates FDA regulations which do not include the reasonable consumer test. *Id.* at 472. The Ninth Circuit also reversed the Court's dismissal of Bruton's claim for unjust enrichment/quasi-contract because after the Court dismissed the claim, the California Supreme Court allowed "an independent claim for unjust enrichment to proceed in an insurance dispute." *Id.* at 470 (citing *Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*, 61 Cal. 4th 988, 1000 (2015)). The Ninth Circuit remanded "for consideration of whether there are other grounds on which Bruton has failed to state a claim for unjust enrichment." *Id.* Thus, Bruton's remaining claims are (1) that Gerber's labels were unlawful under the UCL, and (2) a claim for unjust enrichment/quasi-contract.

On August 8, 2017, the Ninth Circuit issued its mandate. *See* ECF No. 171. On October 4, 2017, the Court instructed the parties to file supplemental cross briefs on class certification. ECF No. 175. On November 1, 2017, Bruton and Gerber both filed their briefs. ECF Nos. 176. 177. On November 15, 2017, Bruton and Gerber both filed their replies. ECF Nos. 179, 180. On February 13, 2018, the Court denied Bruton's Motion for Class Certification. *See* Class Cert. Order. The

---

*withdrawn and superseded by* 703 F. App'x 468 (9th Cir. July 17, 2017).

1 Court first denied certification of the Rule 23(b)(2) class because Bruton lacked standing to pursue injunctive relief. *Id.* at 8–12. Next, the Court denied certification of the Rule 23(b)(3) class because Bruton's damages theory failed to satisfy the predominance requirement. *Id.* at 12–21. First, because Bruton raised the issue of the applicability of nonrestitutionary disgorgement for the first time in her supplemental reply brief, *see* ECF No. 179, the Court denied Bruton's request to file additional briefing on the issue because Bruton had waived the issue. *See* Class Cert. Order at 13. Second, as to restitutionary damages, the Court rejected Bruton's damages expert's model's proposals for measuring the price premium attributable to Gerber's use of the misleading labels because the models failed to satisfy *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013). *See id.* at 20–21.

On September 27, 2017, Bruton requested in the Joint Case Management Statement leave to file a Third Amended Complaint ("TAC") to re-assert her unjust enrichment claim. *See* ECF No. 173 at 2. On February 21, 2018, the Court held a further Case Management Conference. *See* ECF No. 186. In the Case Management Order, the Court ordered Bruton to file a TAC that included Bruton's unjust enrichment claim from her FAC and Bruton's claim arising under the unlawful prong of the UCL from Bruton's SAC. *See* ECF 187.

On March 2, 2018, Bruton filed her TAC. ECF No. 188. On March 19, 2018, the parties filed a Joint Stipulation informing the Court that Bruton's TAC "inadvertently included a number of allegations that have already been rejected in this case and/or failed to comport with the Court's instructions," and therefore Bruton sought leave to file a 4AC. ECF No. 189 at 2. On March 20, 2018, the Court granted Bruton leave to file a 4AC, ECF No. 191, and on March 29, 2018, Bruton filed her 4AC, ECF No. 192. In her 4AC, Bruton asserted only two causes of action: (1) violation of California's UCL, Cal. Bus. & Prof. Code § 17200, *et seq.*, for unlawful business acts and practices, 4AC at 20; and (2) restitution based on unjust enrichment/quasi-contract, *id.* at 21.

On April 19, 2018, Gerber filed the instant Motion to Strike allegations contained in the 4AC and Motion to Dismiss Gerber's claim for relief for unjust enrichment/quasi-contract. ECF

No. 193 ("Mot"). On May 18, 2018, Bruton filed an opposition. ECF No. 197 ("Opp'n"). On June 1, 2018, Gerber filed a reply. ECF No. 198 ("Reply").

## II. LEGAL STANDARD

### A. Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f)

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.,* 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (internal citations omitted). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Id.* "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of New York Mellon,* No. 12-CV-00846-LHK, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010)).

### B. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). For purposes

of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

### C. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION

Bruton's 4AC asserts only two causes of action: (1) violation of California's UCL, Cal. Bus. & Prof. Code § 17200, *et seq.*, for unlawful business acts and practices, 4AC at 20; and (2) restitution based on unjust enrichment/quasi-contract, *id.* at 21. Gerber filed the instant Motion to Strike and Motion to Dismiss. Gerber complains first that Bruton "attempts to revive claims and issues the Court already resolved, or (without justification), simply refuses to strike." Mot. at 1. Gerber complains second that Bruton's unjust enrichment claim must be dismissed because it is redundant and not plausible. *Id.* The Court discusses the Motion to Strike first and the Motion to Dismiss second.

### A. Motion to Strike

Gerber first argues that the Court should strike from the 4AC "allegations that have already been rejected in this case." Mot. at 4. In particular, Gerber asks the Court to strike the following allegations in the 4AC:

- Page 6, ¶ 18, line 5: "misleading, and/or false";
- Page 6, ¶ 24, lines 26–28; page 7, lines 1–2: "California Health & Safety Code § 110390 (unlawful to disseminate false or misleading food advertisements that include statements on products and product packaging or labeling or any other medium used to directly or indirectly induce the purchase of a food product); California Health & Safety Code § 110395 (unlawful to manufacture, sell, deliver, hold or offer to sell any falsely advertised food)";
- Page 7, ¶ 24, lines 2–5: "and 110400 . . . or to deliver or proffer for delivery any food that has been falsely advertised); California Health & Safety Code § 110660 (misbranded if label is false and misleading)";
- Page 12, line 8: "and Misleading";
- Page 15, line 14: "and Misleading";
- Page 18, ¶ 72, lines 22–26: "Defendant's labeling, advertising, and marketing as alleged herein are false and misleading and designed to increase sales of the products at issue. Defendant's misrepresentations are part of an extensive labeling, advertising and marketing campaign, and a reasonable person would attach importance to Defendant's representations in determining whether to purchase the products at issue.";
- Page 19, ¶76, lines 10–13: "including those which make it unlawful to disseminate false or misleading food advertisements that include statements on products and product packaging or labeling or any other medium used to directly or indirectly induce the purchase of a food product. *See* §§ 109885 and 110390.";
- Page 19, ¶ 77, lines 14–15: "Defendant has violated California Health & Safety Code § 110395 which makes it unlawful to manufacture, sell, deliver, hold, or offer to sell any falsely advertised food.";
- Page 19, ¶ 78, lines 16–18: "and 110400 . . . or to deliver or proffer for delivery any food that has been falsely advertised.";
- Page 20, ¶ 84, lines 15–21: "Defendant's labeling, advertising, and marketing as alleged herein are false and misleading and designed to increase sales of the products at issue. Defendant's misrepresentations are part of an extensive labeling, advertising and marketing campaign, and a reasonable person would attach importance to Defendant's representations in determining whether to purchase the products at issue. A reasonable person would attach importance to whether Defendant's products were legally salable and to Defendant's representations about these issues in determining whether to purchase the products at issue.";
- Page 21, ¶90, lines 8–9: "Defendant's business practices are unlawful under

10

- § 17200, *et seq.* by virtue of Defendant's violations of § 17500, *et seq.*, which forbids untrue and misleading advertising.";
- Page 21, ¶ 91, lines 10–11: "Defendant's business practices are unlawful under § 17200, *et seq.* by virtue of Defendant's violations of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 e*t seq.*";
- Page 21, ¶ 93, lines 17–18: "and to restore any money paid for the Purchased Products.";
- Page 21, ¶ 95, line 23: "and misleading";
- Page 22, ¶ 97, lines 4–7: "Thus, it would be unjust and inequitable for Defendant to retain the benefit without restitution to Plaintiff of all monies paid to Defendant for the products at issue."
- Page 22, ¶ A, line 15: "or disgorgement."

Exh. B to Mot. In short, the allegations in the 4AC that Gerber seeks to strike fall into two different categories: (1) deception-based allegations (4AC ¶¶ 18, 24, 72, 76–78, 84, 90–91, 95, and 12:8, 15:14), and (2) request for nonrestitutionary disgorgement (4AC ¶¶ 93, 97, A). *See* Mot. at 9. The Court discusses each in turn.

### 1. Deception-Based Allegations

Gerber contends that the Court should strike Plaintiff's deception-based allegations because the Court already resolved Bruton's deception-based claims in Gerber's favor. Mot. at 4. In particular, Gerber states that this Court granted summary judgment "to the extent [Bruton] based her claims on Gerber's labels allegedly misleading consumers," including "deception-based violations of the CLRA and FAL." Mot. at 4. Bruton provides only minimal response to this and suggests that "12(f) is not designed for this purpose;" that Gerber's Motion to Strike "is a waste of time and money;" and that "[e]ven if granted in part, [Bruton's] claims remain the same." Opp'n at 3. The Court agrees with Gerber and GRANTS Gerber's Motion to Strike Bruton's deception-based allegations.

Rule 12(f) provides that "[t]he Court may strike from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Ninth Circuit has said that motions to strike, while normally disfavored, are favored where they streamline the ultimate resolution of the action and "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc.*, 618

11

F.3d at 973 (citation omitted). Here, the parties have already spent significant time and money litigating these issues in this case that was first filed in May of 2012. This case has a lengthy procedural history, including two previous motion to dismiss orders, ECF Nos. 57, 83; two orders denying class certification, ECF Nos. 128, 184; one summary judgment order, ECF No. 159; one appeal, *see* ECF No. 170; and one complaint that has been amended four times, *see* ECF Nos. 1, 26, 62, 188, 192. In the course of this time, many issues have been resolved, including the deception-based allegations that Bruton attempts to continue to assert in her 4AC. As Gerber points out, Bruton's 4AC contains deception-based allegations that Bruton pled in her SAC, and on which the Court granted Gerber summary judgment. Reply at 2; *see also* MSJ Order. The Ninth Circuit affirmed this Court's grant of summary judgment to Gerber on Bruton's claims that the labels were deceptive in violation of the UCL, FAL, and CLRA. *Bruton*, 704 F. App'x at 472. In short, Bruton has already had her shot at these allegations. The Court will not allow Bruton to continue to pursue these allegations because such action would not be in the interest of avoiding "the expenditure of [further] time and money that must arise from litigating spurious issues." *See Whittlestone, Inc.*, 618 F.3d at 973. Gerber's Motion to Strike the deception-based allegations contained in Bruton's 4AC is therefore GRANTED. The Motion to Strike these allegations is granted with prejudice, as the Court finds that any attempt to plead additional deception-based allegations would unduly prejudice Gerber, cause undue delay, and be futile. *See Leadsinger, Inc.*, 512 F.3d at 532.

### 2. Request for Nonrestitutionary Disgorgement

Next, Gerber argues that the Court should strike Bruton's allegations requesting nonrestitutionary disgorgement. Nonrestitutionary disgorgement is a form of relief that "focuses on the defendant's unjust enrichment." *In re Tobacco Cases II*, 240 Cal. App. 4th 779, 800 (2015). Gerber argues that in alleging that Bruton now seeks nonrestitutionary disgorgement, Bruton "contradict[s] the Court's Order of February 21, 2018, which expressly prohibited new allegations." Mot. at 5 (citing ECF No. 187). Gerber further contends that Bruton's attempts to

12

Case No. 12-CV-02412-LHK
ORDER GRANTING IN PART WITH PREJUDICE AND DENYING IN PART MOTION TO STRIKE IMPROPER ALLEGATIONS AND MOTION TO DISMISS SECOND CLAIM FOR RELIEF FOR UNJUST ENRICHMENT IN FOURTH AMENDED COMPLAINT

seek nonrestitutionary disgorgement should be stricken because "the Court has already rejected [Bruton's] attempts to seek nonrestitutionary disgorgement and has made clear that the proper measure of damages in this case is the alleged price premium." Mot. at 5. Bruton responds by stating only that "nonrestitutionary disgorgement is a remedy available to [Bruton], measured by [Gerber's] wrongful gain." Opp'n at 3. The Court explores each of Gerber's arguments.

As an initial matter, Gerber is incorrect in its assertion that by seeking nonrestitutionary disgorgement, Bruton contradicts the Court's February 21, 2018 order. *See* Mot. at 5. The February 21, 2018 order directed Bruton to file an amended complaint that included Bruton's unjust enrichment claim from the FAC. *See* ECF No. 187. Bruton's unjust enrichment claim originally raised in the FAC included a request for nonrestitutionary disgorgement. *See* FAC ¶ 188 (alleging that "it would be unjust and inequitable for Defendants to retain the benefit without restitution to Plaintiff . . . of all monies paid to Defendants for the products at issue"). Thus, Bruton did not raise any new "allegations" by requesting nonrestitutionary disgorgement, and therefore, Bruton did not contradict the Court's February 21, 2018 order by seeking nonrestitutionary disgorgement.

Second, the Court must also reject Gerber's assertion that this Court already decided the nonrestitutionary disgorgement issue in its February 13, 2018 order denying class certification. Instead, at that juncture, this Court merely refused Bruton the opportunity to provide supplemental briefing on the applicability of nonrestitutionary disgorgement as it relates to Bruton's Federal Rule of Civil Procedure 23(b)(3) predominance showing at the class certification stage because Bruton had waived that issue. *See* Class Cert. Order at 13. This decision did not speak to Bruton's applicability to seek nonrestitutionary disgorgement relief herself.

Courts have held that a motion to strike a matter from a complaint simply for being redundant, immaterial or scandalous "should only be granted if 'the matter has no logical connection to the controversy at issue *and* may prejudice one or more of the parties to the suit.'" *N.Y. City Emps.' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) (quoting *Rivers*

13
Case No. 12-CV-02412-LHK
ORDER GRANTING IN PART WITH PREJUDICE AND DENYING IN PART MOTION TO STRIKE
IMPROPER ALLEGATIONS AND MOTION TO DISMISS SECOND CLAIM FOR RELIEF FOR UNJUST
ENRICHMENT IN FOURTH AMENDED COMPLAINT

*v. Cnty. of Marin*, No. C 05-4251, 2006 WL 581096, at *2 (N.D. Cal. 2007). "Where the moving party cannot adequately demonstrate such prejudice, courts frequently deny motions to strike 'even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f).'" *Id.* (quoting *Rivers*, 2006 WL 581096, at *2). Because the Court finds that it has not already expressly rejected Bruton's request for nonrestitutionary disgorgement, Gerber will not be prejudiced by Bruton's further request. Accordingly, Gerber's Motion to Strike Bruton's requests for nonrestitutionary disgorgement is DENIED. This holding, however, does not mean that Bruton's request for nonrestitutionary disgorgement relief in her 4AC survives because, as is discussed below, nonrestitutionary disgorgement is not a proper remedy for an unjust enrichment claim in a consumer product mislabeling case.

**B. Motion to Dismiss**

Gerber argues second that Bruton's unjust enrichment/quasi-contract claim should be dismissed with prejudice pursuant to Rule 12(b)(6). Mot. at 6. In support of its Motion to Dismiss Bruton's unjust enrichment claim, Gerber makes two arguments: (1) that Bruton's unjust enrichment claim is duplicative of her UCL claim; and (2) Bruton's unjust enrichment claim is not plausible on its face. Mot. at 6, 9. In addition, Gerber also argues specifically against the nonrestitutionary disgorgement remedy and states that the nonrestitutionary disgorgement remedy should be dismissed because restitution is the only available remedy under Bruton's UCL claim and any unjust enrichment claim that Bruton may allege. Mot. at 5 n.1, 8. The Court explores each of these arguments in turn.

**1. Redundancy**

Gerber first argues that Bruton's unjust enrichment claim/quasi-contract cannot stand because it is "duplicative of [Bruton's] single remaining claim for violation of the UCL's unlawful prong." Mot. at 8. Gerber insists that *Attebury Grain Ltd. Liab. Co. v. Grayn Co.*, 721 F. App'x 669, 672 (9th Cir. Jan. 16, 2018), supports its argument because there, the Ninth Circuit directed the district court to dismiss the unjust enrichment claim because "[u]njust enrichment is a valuable

14

basis for a claim to 'fill in the cracks' where other causes of action fail to achieve justice, but because the [statutory] fraudulent transfer claim could be presented here, and was presented successfully, there were no cracks to be filled by this unjust enrichment claim." *See* Mot. at 6–7. Gerber also cites a string of district court cases that it maintains demonstrate that unjust enrichment claims are not permitted where the relief sought is duplicative of a UCL claim because "[t]here is no right to equitable relief or an equitable remedy when there is an adequate remedy at law." Mot. at 7–8 (quoting *Nguyen v. Nissan N. Am. Inc.*, No. 16-CV-05591-LHK, 2017 WL 1330602, at *4 (N.D. Cal. Apr. 11, 2017).

In response, Bruton asserts first that the Ninth Circuit ruled that her unjust enrichment claim was viable when it reversed this Court's original dismissal that found no distinct cause of action for unjust enrichment under California law. *See* Opp'n at 4. But as Gerber points out, the Ninth Circuit merely held that an unjust enrichment claim was theoretically viable as a standalone claim. *See Bruton*, 703 F. App'x at 470. Specifically, the Ninth Circuit stated: "In light of this [California Supreme Court] clarification, we reverse the district court's dismissal and remand for consideration of whether there are other grounds on which Bruton has failed to state a claim for unjust enrichment, or if that claim must proceed to resolution." *Id.* Thus this Court may again review the viability of Bruton's unjust enrichment claim at the motion to dismiss stage.

Turning next to *Attebury*, Bruton argues that *Attebury* is distinguishable from this case because the district court there had entered summary judgment against the defendants on claims of intentional fraudulent transfer, the alternative claim of constructive fraudulent transfer, and unjust enrichment. Opp'n at 4–5 (citing *Attebury*, 721 F. App'x at 671). The Ninth Circuit found plaintiff's relationship with the company in question to be "defined by contract," such that plaintiff could not "advance a quasi-contract action premised on [the company's] breach of contract." *Attebury*, 721 F. App'x at 672. Finally, Bruton states that "[i]n this case," in contrast to *Attebury*, "the proceeding has not yet reached the point where [Bruton's] UCL claim can be 'presented successfully' and so therefore it is unknown whether there may be 'cracks to be filled

15

by this unjust enrichment claim.'" Opp'n at 5.

To the extent Bruton reads *Attebury* as not requiring this Court to dismiss her unjust enrichment claim as duplicative, the Court agrees with Bruton. In any event, this Court need not weigh too far into the impact of *Attebury* because the Ninth Circuit in *Astiana* decided that the duplicative nature of an unjust enrichment/quasi-contract claim is *not* a valid reason to dismiss it. *See Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). The Court therefore rejects Gerber's argument that Bruton's unjust enrichment claim should be dismissed as duplicative. Thus, the Court DENIES Gerber's Motion to Dismiss Bruton's unjust enrichment claim for redundancy.

### 2. Plausibility

Gerber also argues that Buton's unjust enrichment/quasi-contract claim is not plausible on its face. *See* Mot. at 9. But Gerber's arguments are effectively summary judgment arguments that go to proof and whether Bruton "create[d] a genuine issue of material fact," not Bruton's ability to state a claim.[3] *See* Mot. at 9. Further, Gerber cites to no authority for its argument besides *Twombly*'s pleading standard. Unjust enrichment describes the theory "that a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request.'" *Astiana*, 783 F.3d at 761 (citing 55 Cal. Jur. 3d Restitution § 2). "The return of that benefit is the remedy 'typically sought in a quasi-contract cause of action.'" *Id.* (citing 55 Cal. Jur. 3d Restitution § 2). Bruton plead that as a result of Gerber's unlawful labeling, Gerber "was enriched at the expense of [Bruton]." 4AC ¶ 95. The Court finds that Bruton has stated a claim for unjust enrichment and DENIES Gerber's Motion to Dismiss Bruton's unjust enrichment claim for implausibility.

### 3. Nonrestitutionary Disgorgement

Finally, Gerber argues that to the extent Bruton's unjust enrichment and UCL claims seek the remedy of nonrestitutionary disgorgement, they should be dismissed because "Ninth Circuit

---

[3] Because of the unique procedural posture of this case,ced the Court has not yet considered Bruton's unjust enrichment claim at the summary judgment stage. *See* MSJ Order.

16
Case No. 12-CV-02412-LHK
ORDER GRANTING IN PART WITH PREJUDICE AND DENYING IN PART MOTION TO STRIKE IMPROPER ALLEGATIONS AND MOTION TO DISMISS SECOND CLAIM FOR RELIEF FOR UNJUST ENRICHMENT IN FOURTH AMENDED COMPLAINT

United States District Court
Northern District of California

1  authority confirms that restitution is the remedy for an unjust enrichment claim arising from

2  product mislabeling." Mot. at 5 n.1, 8 (citing *Astiana*, 783 F.3d at 762–63). Gerber maintains that

3  the Court should dismiss the nonrestitutionary disgorgement remedy on this ground. Bruton makes

4  no specific reply to this argument.

5        The Court agrees with Gerber. The Ninth Circuit in *Astiana* confirmed that "[w]hen a

6  plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract

7  claim seeking restitution.'" 783 F.3d at 762 (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*,

8  223 Cal. App. 4th 221 (2014)). Furthermore, several courts have specifically held that

9  nonrestitutionary disgorgement is not an available remedy for an unjust enrichment/quasi-contract

10 claim based on the alleged mislabeling of a consumer product. *See, e.g.*, *Belli v. Nestle USA, Inc.*,

11 No: 5:14-cv-00286-PSG, 2015 WL 4197045 (N.D. Cal. July 10, 2015) (holding that

12 "nonrestitutionary disgorgement is not the appropriate remedy for a quasi-contract claim based on

13 alleged mislabeling of a consumer product" and that "[t]here is no reason to go beyond the price

14 premium, and doing so would result in a windfall to plaintiff" (citations omitted)); *Samet v.

15 Procter & Gamble Co.*, No. 5:12-cv-01891-PSG, 2015 WL 5012828 (N.D. Cal. Aug. 24, 2015)

16 (same); *Trazo v. Nestle USA, Inc.*, 113 F. Supp. 3d 1047 (N.D. Cal. 2015) (same); *see also Brazil

17 v. Dole Packaged Foods, LLC.*, No. 5:12-cv-01831-LHK, 2014 WL 5794873, at *5 (N.D. Cal.

18 2014) (citing *Colgan v. Leatherman Tool Grp., Inc.,* 135 Cal. App. 4th 663, 694 (2006)) (finding

19 that "[t]he proper measure of restitution in a mislabeling case is the amount necessary to

20 compensate the purchaser for the difference between a product as labeled and the product as

21 received"); *Ivie v. Kraft Foods Glob., Inc.*, No. 5:12-cv-02554-RMW, 2015 WL 183910, at *2

22 (N.D. Cal. Jan. 14, 2015) (concluding that "restitutionary damages [in a mislabeling case should]

23 be the price premium attributable to the offending labels, and no more").

24       Therefore, to the extent Bruton's unjust enrichment claim requests the remedy of

25 nonrestitutionary disgorgement, the Court GRANTS Gerber's Motion to Dismiss. The Motion to

26 Dismiss the unjust enrichment claim to the extent it requests nonrestitutionary disgorgement is

27 
17

GRANTED with prejudice, as the Court finds that additional leave to amend would be futile. *See Leadsinger, Inc.*, 512 F.3d at 532. To the extent that Bruton seeks nonrestitutionary disgorgement as to her UCL claim, the Court also dismisses with prejudice that specific relief. *See* Mot. at 8. It is well established that nonrestitutionary disgorgement is unavailable under the UCL. *See In re Tobacco Cases II*, 240 Cal. App. 4th at 800 ("The California Supreme Court has held that, while restitutionary disgorgement may be an available remedy under the UCL, nonrestitutionary disgorgement is not available in a UCL individual action or in a UCL representative action . . . ." (citations omitted)).

## IV. CONCLUSION

For the foregoing reasons, the Court rules as follows. The Motion to Strike Bruton's deception-based allegations is GRANTED with prejudice. The Motion to Strike the request for nonrestitutionary disgorgement is DENIED. The Motion to Dismiss the unjust enrichment/quasi-contract claim in full is DENIED, however, to the extent Bruton's unjust enrichment and UCL claims seek nonrestitutionary disgorgement, the Motion to Dismiss is GRANTED with prejudice.

**IT IS SO ORDERED.**

Dated: August 31, 2018

_Lucy H. Koh_
LUCY H. KOH
United States District Judge